IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

TIA BOWMAN, *et al.*,

    Plaintiffs,

    v.

FINANCE AMERICA, LLC, *et al.*

    Defendants.

Civil Action No. AW-13-208

**MEMORANDUM OPINION**

Pending before the Court is Defendant Aurora Loan Services, LLC's Motion to Dismiss for failure to state a claim. Doc. No. 8. The Court has reviewed the record and concludes that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2011). For the reasons discussed below, Defendant's Motion will be **GRANTED**.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs Tia and Roy Bowman, proceeding *pro se* in this matter, assert a series of claims against Defendants related to the origination and securitization of a mortgage loan secured by Plaintiffs' property.[1]

On May 27, 2005, Plaintiffs executed a Note in favor of Defendant Finance America, LLC (Finance America) in the amount of $382,500. Compl. ¶ 7. To secure the loan, Plaintiffs granted Finance America a security interest in the property through a Deed which was recorded in the land records of Charles County, Maryland. *Id.* ¶ 8. Plaintiffs learned through a Real

---

[1] The Court notes that the Complaint in this case is remarkably similar in form and substance to the Complaint in another case before this Court, *Bell v. Intervale Mortgage Corp. et al.*, No. 13-cv-582-AW. Indeed, several portions of the Complaints are identical.

Estate Securitization Audit that the Note was sold by Finance America to Defendant Structured Asset Securities Corp. Mortgage Loan Trust 2005-GEL3 (hereinafter, the Trust) without Plaintiffs' knowledge or consent. *Id.* ¶¶ 9–10.[2]  Foreclosure proceedings began in April 2009 after Plaintiffs allegedly defaulted on their payments. *Id.* ¶ 16.

Plaintiffs filed their Complaint on January 18, 2013, and claim that they are entitled to compensatory and punitive damages based on Defendants' Deceit and Actual Fraud (Count I), Conspiracy to Defraud (Count II), and Breach of Implied Covenant of Good Faith and Fair Dealing (Count III). The Complaint names as Defendants Finance America,[3] the Trust,[4] GMAC Mortgage, LLC (GMAC),[5] and Aurora Loan Services, LLC (Aurora).

On March 11, 2013, Aurora filed a Motion to Dismiss Plaintiffs' claims against it pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Doc. No. 8. The Clerk of the Court sent Plaintiffs a letter dated March 14, 2013 informing them that their case may be subject to dismissal and that they had the right to file a response within seventeen days of the date of the letter. Doc. No. 10. On the seventeenth day, April 1, 2013, Plaintiffs filed a Motion for an extension of time to respond to Aurora's Motion on the grounds that they needed additional time to research the relevant points of law and file an accurate response. Doc. No. 12. Plaintiffs requested an extension up to and including April 19, 2013. *Id.* However, Plaintiffs did not file an opposition brief by April 19, 2013. On April 24, 2013, the Court granted Plaintiffs' unopposed Motion for extension and granted them ten additional days in which to file a

---

[2] Plaintiffs state in their Complaint that the Note, Deed, Audit, and Voluntary Liens Report were attached as exhibits to the complaint, but no such exhibits were attached.
[3] On January 9, 2009, BNC Mortgage, LLC (BNC), successor to Finance America by merger, filed a petition under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York. Doc. No. 7, Notice of Bankruptcy and Effect of Stay.
[4] The Trust has not yet answered Plaintiffs' Complaint.
[5] On May 14, 2012, Residential Capital, LLC and certain of its subsidiaries, including GMAC, filed a petition under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York. Doc. No. 4, Notice of Bankruptcy and Effect of Automatic Stay.

response. Doc. No. 13. Again, Plaintiffs filed no opposition brief. Accordingly, Aurora's Motion to Dismiss is ripe for the Court's consideration.

## II. STANDARD OF REVIEW

The purpose of a motion to dismiss under Rule 12(b)(6) is "to test the sufficiency of [the] complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Except in certain specified cases, the complaint need only satisfy Rule 8(a) of the Federal Rules of Civil Procedure, which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In resolving a motion to dismiss, the Court should proceed in two steps. First, the Court should determine which allegations in the Complaint are factual allegations entitled to deference, and which are mere legal conclusions that receive no deference. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.

In its determination, the Court must "accept the well-pleaded allegations of the complaint as true," *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and "must construe factual allegations in the light most favorable to the plaintiff," *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999). The Court should not, however, accept unsupported legal allegations, *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), "legal conclusion[s] couched as . . . factual allegation[s]," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black*

*Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555.

## III. ANALYSIS

As a preliminary matter, Plaintiff's Complaint contains only two specific references to Aurora. First, Plaintiffs allege that Aurora exists under the laws of Delaware, and that a search of the Maryland State Department of Taxation shows that Aurora is not in good standing with the state and has forfeited its status to do business in Maryland. Compl. ¶6. Second, Plaintiffs allege, under the heading for its conspiracy claim, that "GMAC Mortgage, LLC falsely stated that Aurora Loan Services LLC was the owner of the note in order to proceed with the foreclosure illegally." *Id.* ¶ 33. These allegations, considered with the remaining allegations in Plaintiffs' Complaint, fail to demonstrate a plausible claim for relief from Aurora. Although complaints filed by *pro se* litigants are to be liberally construed, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), "even a *pro se* complaint must meet a minimum threshold of plausibility," *Hawkins v. Hairston*, No. 12-cv-1366-JKB, 2012 WL 5503839, at *2 (D. Md. Nov. 8, 2012).

In Count I of their Complaint, Plaintiffs allege that Defendants are liable for fraud and actual deceit.[6] The basis for Plaintiffs' fraud allegation is that Finance America entered into a mortgage agreement with Plaintiffs without disclosing its intent to sell the Note to the Defendant Trust. *See* Compl. ¶ 20. However, Count I makes no mention of Aurora at all, and the Court gleans nothing from the Complaint indicating that Aurora played any role in the transaction underlying Count I. Indeed, the only allegation specifically tying Aurora to Plaintiffs is GMAC's allegedly false statement that Aurora owned the Note in order to proceed with

---

[6] Plaintiffs cite various provisions of the California Civil Code regarding fraud and deceit. Compl. ¶ 19. Because none of the alleged activity occurred in California, the Court construes Plaintiff's Complaint as asserting a claim of fraud and deceit under Maryland law.

4

foreclosure. *Id.* ¶ 33. Even if the Court accepted that Aurora was somehow involved in the subsequent foreclosure, there is no allegation that it was involved in the transaction which occurred nearly four years earlier. On this basis alone, Count I against Aurora must be dismissed. *See, e.g.*, *Parillon v. Fremont Inv. & Loan*, No. L-09-3352, 2010 WL 1328425, at *2 (D. Md. Mar. 25, 2010) (dismissing defendant bank where the complaint included no specific information regarding its role in the events at issue). Furthermore, even if the Court adopted the position that Count I implicated Aurora, Plaintiffs have failed to state the basis of their fraud allegation with particularity, as is required by Rule 9(b) of the Federal Rules of Civil Procedure. *See, e.g.*, *Woodrow v. Vericrest Fin., Inc.*, No. AW-09-1612, 2009 WL 4348594, at *3 (D. Md. Nov. 30, 2009) (dismissal of fraud and deceit claims was proper where plaintiff only made conclusory statement about reliance on defendant's representations but provided no specific facts in support of its fraud allegations and consistent with the particularity requirements of Rule 9(b). Accordingly, Count I against Aurora will be dismissed.

For similar reasons, Plaintiffs' claim that Aurora conspired to defraud them is without a plausible basis. To the extent the conspiracy claim is based on fraudulent conduct underlying the original loan, Plaintiffs have failed to demonstrate any connection between Aurora and that transaction. More likely, Plaintiffs' conspiracy to defraud claim is based on GMAC's and/or Aurora's attempts to foreclose on Plaintiffs' property despite lacking legal standing to do so. *See* Compl. ¶¶ 33–34. Plaintiffs' claim fails because Plaintiffs have not adequately pled a plausible claim for conspiracy. The Complaint fails to allege that any agreement was entered, much less when it was entered and who was a party to it. *See, e.g.*, *Gallman v. Sovereign Equity Grp., Inc.*, No. AW-11-2750, 2012 WL 2923170, at *9 (D. Md. July 17, 2012) ("The more specific requirements for an allegation of conspiracy are that the pleader provide, whenever possible,

5

some details of the time, place and alleged effect of the conspiracy.") (citations and internal quotations omitted); *Walker v. Butkovich*, 584 F. Supp. 909, 931 (M.D.N.C. 1984) ("In most cases, a bare conclusory allegation of conspiracy or concerted action will not suffice. The plaintiffs must expressly allege an agreement or make averments of communication, consultation, cooperation, or command from which such an agreement can be inferred.") (citations and internal quotations omitted). Therefore, the Court will dismiss Count II against Aurora.

In Count III, Plaintiffs claim that Defendants breached the implied covenant of good faith and fair dealing. "Maryland law does not recognize an independent cause of action for breach of the implied covenant of good faith and fair dealing." *Cutler v. Wal-Mart Stores, Inc.*, 927 A.2d 1, 11 (Md. Ct. Spec. App. 2007). A breach of the implied covenant simply supports another cause of action, e.g., breach of contract. "The implied duty of good faith prohibits one party to a contract from acting in such a manner as to prevent the other party from performing his obligations under the contract." *Id.* (quoting *Mount Vernon Props., LLC v. Branch Banking and Trust Co.*, 907 A.2d 373, 381 (Md. Ct. Spec. App. 2006)). Plaintiffs' claim fails because they have not alleged that they were a party to *any* contract with Aurora. As discussed above, Aurora played no role at all in the original loan transaction. And although the Complaint identifies a "Pooling and Servicing Agreement" to which Plaintiffs were a party, there is no allegation that Aurora was a party to that agreement. *See* Compl. ¶ 15. Accordingly, the Court will dismiss Count III against Aurora.

Finally, it appears that all of Plaintiffs' claims against Aurora are barred by Maryland's statute of limitations, which provides that "[a] civil action at law shall be filed within three years from the date it accrues." MD. CODE ANN., CTS. & JUD. PROC. § 5-101. The Court of Appeals of

Maryland has held that the discovery rule generally applies to a cause of action brought under § 5-101 and that "the cause of action accrues when the claimant in fact knew or reasonably should have known of the wrong." *Poffenberger v. Risser*, 431 A.2d 677, 680 (Md. 1981). Whether Plaintiffs' claims against Aurora are based on the original loan made in 2005 or the foreclosure in 2009, they accrued more than three years ago. There is no indication from Plaintiff's Complaint that they only became aware of their causes of action at a later date. And as indicated above, Plaintiffs did not respond to Aurora's Motion, including the statute of limitations argument, despite having ample time to do so. For these reasons, the claims against Aurora will be dismissed.

## IV. CONCLUSION

For the foregoing reasons, Aurora's Motion to Dismiss for failure to state a claim will be **GRANTED**. A separate Order follows.

| | |
|---|---|
| __May 8, 2013__<br>Date | _____/s/_____<br>Alexander Williams, Jr.<br>United States District Judge |