IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| TIA BOWMAN, *et al.*, | * |
| Plaintiffs, | * |
| v. | * Civil Action No. AW-13-208 |
| FINANCE AMERICA, LLC, *et al.* | * |
| Defendants. | * |

**MEMORANDUM OPINION**

Pending before the Court is (1) Plaintiffs' Motion to Vacate the Court's May 8, 2013 Order that granted Defendant Aurora Loan Services, LLC's Motion to Dismiss and terminated Aurora from this action; (2) Plaintiffs' Motion for Reconsideration of the Court's June 13, 2013 Order that denied Plaintiffs' Motion to add a new defendant; and (3) Plaintiffs' response to the Court's June 13, 2013 Order that required Plaintiffs to explain certain discrepancies regarding service of process on remaining Defendant Structured Assets Securities Corp. Mortgage Loan Trust 2005-GEL3 ("2005-GEL3 Trust"). Doc. Nos. 24. The Court has reviewed the motion papers and concludes that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2011). For the reasons discussed below, Plaintiff's Motions will be DENIED. The Court will also dismiss Plaintiffs' claims against Defendant 2005-GEL3 Trust because the trust is not an entity capable of being sued.

**I.    PLAINTIFFS' MOTION TO VACATE**

The Court dismissed Plaintiffs' claims against Aurora because the Complaint contained only scant references to and allegations regarding Aurora, failed to plead fraud with specificity,

1

failed to plead the existence of a contract to which Aurora was a party, and failed to state a plausible claim for relief on any ground. Doc. No. 14 at 4-6. The Court also found that Plaintiffs' claims against Aurora appeared to be time-barred. *Id.* at 6-7. Plaintiffs appear to rely on Rule 60(b) of the Federal Rules of Civil Procedure in their Motion to Vacate, and claim that vacatur is warranted because (1) it is "imperative" that Aurora be made available for discovery; (2) the Court fell victim to confusion as to who was the true owner and investor of the securitization trusts; and (3) evidence indicates that Aurora is the current holder of the Note and has been or may have been Master Servicer and/or the purchaser of Plaintiffs' mortgage. *See* Doc. No. 24 Exs. 1-4.

Before a party may seek relief under Rule 60(b), it must first show "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (citations omitted). Once a party meets these threshold requirements, it must then satisfy one of the six subsections of Rule 60(b). *Id.* Plaintiffs have failed to put forward a meritorious defense, as their Motion does not satisfy the Court that the substantial pleading deficiencies identified by the Court in its May 8 Memorandum Opinion could be cured. Furthermore, none of Plaintiffs' arguments would disturb the Court's finding that their claims were time-barred. Even if Plaintiffs met the threshold requirements, however, they have failed to satisfy any of the subsections of Rule 60(b). Plaintiffs do not, for example, claim mistake or inadvertence in failing to respond to Aurora's Motion to Dismiss. Plaintiffs cite evidence in their Motion to Vacate that was not attached to the Complaint, but they do not argue that this evidence is "newly discovered." None of the other subsections of Rule 60(b) appear to be relevant to Plaintiffs' arguments. Accordingly, Plaintiffs' Motion to Vacate will be DENIED.

## II. PLAINTIFFS' MOTION FOR RECONSIDERATION

Plaintiffs also seek reconsideration of the Court's June 13, 2013 Order that denied Plaintiffs' Motion to Add SASCO Mortgage Loan Trust 2007-RNP1 ("2007-RNP1 Trust") as a defendant to this action. The Court denied Plaintiffs' Motion on the grounds that their Complaint contained one generalized reference to the 2007-RNP1 Trust entity and contained no particularized allegations at all. *See* Doc. No. 22. Accordingly, the Court concluded that Plaintiffs failed to state a plausible claim against the 2007-RNP1 Trust and that adding it as a defendant would be futile. *Id.* Plaintiffs claim that the Court should reconsider its Order because (1) Plaintiffs' mistake in not listing the 2007-RNP1 Trust throughout its brief should be excused, and (2) Plaintiffs require clarification as to which loan trust actually holds the Plaintiffs' mortgage. There are three circumstances in which courts consider granting a motion for reconsideration: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *U.S. ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002). Given the Court's holding below that a trust such as the 2007-RNP1 Trust is not an entity capable of being sued, *see infra* Part III, there are no grounds upon which to grant Plaintiffs the relief they request. Accordingly, Plaintiffs' Motion for Reconsideration will be DENIED.

## III. CLAIMS AGAINST THE TRUST

As part of its June 13, 2013 Order, the Court granted Plaintiffs twenty-one days to explain certain discrepancies with respect to serving the Defendant 2005-GEL3 Trust. Doc. No. 22. Although the Court's June 13 Order expressed concern with service of process, a fundamental defect with Plaintiffs' Complaint has captured the Court's attention. The Court may raise the viability of a plaintiff's claim sua sponte where the failure to state a claim is clear. *See,*

3

*e.g.*, *Glass v. Anne Arundel Cnty.*, No. WDQ-12-1901, 2013 WL 1120549, at *8 n.38 (D. Md. Mar. 14, 2013); *Pitkin v. Ocwen Fin. Corp.*, No. 12-cv-00573-AW, 2012 WL 5986480, at *4 (D. Md. Nov. 27, 2012).

Plaintiffs' claims against Defendant 2005-GEL3 Trust must be dismissed because the trust is not an entity capable of being sued. Rule 17(b) of the Federal Rules of Civil Procedure provides:

> **Capacity to Sue or Be Sued**. Capacity to sue or be sued is determined as follows:
>
> **(1)** for an individual who is not acting in a representative capacity, by the law of the individual's domicile;
>
> **(2)** for a corporation, by the law under which it was organized; and
>
> **(3)** *for all other parties, by the law of the state where the court is located*, except that:
>
>> **(A)** a partnership or other unincorporated association with no such capacity under that state's law may sue or be sued in its common name to enforce a substantive right existing under the United States Constitution or laws; and
>>
>> **(B)** 28 U.S.C. §§ 754 and 959(a) govern the capacity of a receiver appointed by a United States court to sue or be sued in a United States court.

Fed. R. Civ. P. 17(b) (emphasis added). Accordingly, under Rule 17(b)(3), whether a trust has the capacity to be sued in this Court is determined by the law of the state of Maryland. Federal courts looking to Maryland law have previously held that trusts lack the capacity to sue or be sued. *See, e.g.*, *Allegis Grp., Inc. Contractors Health Plan Trust v. Conn. Gen. Life Ins. Co.*, No. JFM-04-16, 2004 WL 1289862, at *2-4 (D. Md. June 10, 2004); *Limouze v. M.M. & P. Mar. Advancement, Training, Educ. Program*, 397 F. Supp. 784, 789 (D. Md. 1975); *White v. Lundeberg Md. Seamanship Sch., Inc.*, 57 F.R.D. 128, 130 (D. Md. 1972). As noted in *White*, "a trust as an entity does not have the capacity to be sued and that . . . capacity exists only in its

4

trustees." 57 F.R.D. at 130. The Court discerns no reason to depart from the well-settled Maryland rule in the circumstances of this case. The claims against Defendant 2005-GEL3 Trust must be dismissed, and the Trust will be terminated as a party to this action. Claims against Defendant GMAC Mortgage, LLC and BNC Mortgage LLC (as successor by merger to named Defendant Finance America LLC) shall remain stayed, as articulated in the Court's June 7 and June 13, 2013 Orders. Doc. Nos. 17, 22. Aurora will not be reinstated as a party for the reasons discussed herein. Accordingly, the Court will issue an order to the Clerk to close this case.

**IV.  CONCLUSION**

For the foregoing reasons, Plaintiffs' Motion to Vacate and Motion to Reconsider will be DENIED. Plaintiffs' claims against Defendant 2005-GEL3 Trust will be dismissed, and the Court will close this case. A separate Order follows.

| August 19, 2013 | /s/ |
|---|---|
| Date | Alexander Williams, Jr.<br>United States District Judge |